```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

ROBERT O. IDAHOSA,              *

    Plaintiff,              *

vs.                             *
                                              CASE NO. 4:20-CV-92 (CDL)

SECRETARY OF THE ARMY,          *

    Defendant.              *

O R D E R

Robert O. Idahosa, who is proceeding pro se, brought this action against the Secretary of the Army. The Court previously concluded that the complaint failed to state a claim because it did not contain any facts to support a claim. *See generally Idahosa v. Sec'y of the Army*, No. 4:20-CV-92 (CDL), 2021 WL 922058, (M.D. Ga. Mar. 10, 2021). The Court allowed Idahosa to amend his complaint, reminding Idahosa that his amended complaint "must contain 'a short and plain statement of the claim showing that [he] is entitled to relief'" and that "he must state his claims 'in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'" *Id.* at *2 (quoting Fed. R. Civ. P. (8)(a)(2) and Fed. R. Civ. P. 10(b)). The Court emphasized that Idahosa's amended complaint "should contain the factual basis for each claim: what employment actions the Army took and the factual basis for Idahosa's contention that each action was discriminatory and/or retaliatory." *Id.* Idahosa

amended his complaint, and the Government contends that the amended complaint is an impermissible shotgun pleading that still fails to state a claim.  For the reasons set forth below, the Government's motion to dismiss (ECF No. 24) is granted.

## DISCUSSION

The Government argues that Idahosa's amended complaint is an improper shotgun pleading that does not contain enough facts to plead any actionable claims or allow the Government to understand what Idahosa is alleging.  "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  And, if it "would promote clarity," Rule 10(b) requires a party to state each claim founded on a separate transaction or occurrence in a separate count.  *Id.*

"The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading.'"  *Barmapov*, 986 F.3d at 1324 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320

2

(11th Cir. 2015)).  "These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence introduced at trial is relevant."  *Id.* (quoting *Weiland*, 792 F.3d at 1320).

"Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules' because they are 'calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.'"  *Id.* (quoting *Weiland*, 792 F.3d at 1320).  "Besides violating the rules, shotgun pleadings also 'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'"  *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

Idahosa's amended complaint falls into two categories of impermissible shotgun pleading.  First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.* (quoting *Weiland*, 792 F.3d at 1321).  Second, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.*

3

(quoting *Weiland*, 792 F.3d at 1322). Although most of the paragraphs are numbered, the numbering is not sequential, and Idahosa confusingly shifts between numbers and letters. Many of the allegations are vague and conclusory—summarily asserting that Idahosa was discriminated against with regard to some protected characteristic when his supervisor took certain actions, alleging some action a supervisor took without tying it to a cause of action or otherwise explaining how it the action was discriminatory, or inserting conclusory allegations regarding one type of discrimination into a count for something else.[1] Although Idahosa is proceeding pro se, he must still comply with the rules. With regard to pleading, he has failed to do so, even after being given a second chance. Accordingly, the amended complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the Court grants the Government's motion to dismiss (ECF No. 21).

IT IS SO ORDERED, this 15th day of November, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] For example, the heading of Count II states that it is a Title VII retaliation claim, but it contains summary allegations about being denied accommodations for his disabilities without providing any facts to explain how this conduct is actionable under Title VII. Am. Compl. 11 ¶ 23.

4